THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL RICHARD LUESSE JR., <br><br> Plaintiff, <br><br> v. <br><br> ROSIE RIVERA et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT** <br><br> Case No. 2:23-cv-00030-JNP <br><br> District Judge Jill N. Parrish |

In this *pro se* prisoner civil-rights action, *see* 42 U.S.C.S. § 1983 (2023),[1] having screened Plaintiff's Complaint, (ECF No. 6), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2]The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

## COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** does not adequately state a claim of improper medical treatment. (See below.)

**(b)** improperly names Salt Lake County Sheriff's Office as a § 1983 defendant, when it is not an independent legal entity that can sue or be sued. (See below.)

**(c)** needs clarification on the standing doctrine. (See below.)

**(d)** seeks injunctive relief inside the jail, when Plaintiff is no longer incarcerated. *See Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief.").

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

2

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(ii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(v) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Inadequate Medical Treatment**

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence

deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **Governmental sub-units**

"Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (finding county criminal justice center not suable entity under § 1983). Indeed, the Tenth Circuit has acknowledged that sheriff's departments and police departments "are not legally suable entities." *Lindsey v. Thomson*, 275 Fed. App'x. 744, 747 (10th Cir. 2007).

• **Standing**

Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask *pro bono* counsel to represent Plaintiff. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2023); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

**ORDER**

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint, which Plaintiff must use if he wishes to pursue his potential claims further.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims **(a)** occurring past the date of the Complaint, filed January 17, 2022, and **(b)** outside the allegations of transactions and events contained in the Complaint, (ECF No. 6). The Court will not address any such new claims or

outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

**(5)** Plaintiff shall not try to serve the amended complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). All defendants and claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

**(6)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(7)** Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

 **(8)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

 **(9)** Plaintiff's motion for appointed counsel is **DENIED**, (ECF No. 7); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear *pro bono* on Plaintiff's behalf.

 **(10)** Plaintiff's motion for service of process is **DENIED**. (ECF No. 8.) There is no valid complaint on file as of this Order. Also, no further motion for service of process is needed here. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). Instead, on its own, the Court will perform its screening function and determine itself whether the amended complaint warrants service.

 DATED August 3, 2023.

       BY THE COURT:

       _____
       JUDGE JILL N. PARRISH
       United States District Court