IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL RICHARD LUESSE, JR., <br><br> Plaintiff, <br><br> v. <br><br> ROSIE RIVERA, in her official capacity, and NICHOLAS BRENING, in his official capacity, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT <br><br> Case No. 2:23-cv-00030-JNP <br><br> District Judge Jill N. Parrish |

Former inmate Michael Richard Luesse (Plaintiff) sets forth a single claim under Section 1983 in his Amended Complaint. Plaintiff alleges that Rosie Rivera and Nicholas Brening (Defendants), acting in their official capacities, violated his Eighth Amendment rights by refusing adequate medical care for his hepatitis C while he was incarcerated in the Salt Lake County Jail. Defendants move for summary judgment, arguing that Plaintiff cannot establish necessary elements of a deliberate indifference claim. ECF No. 25.

Having considered the issues and the record, the court finds that Defendants are entitled to summary judgment as a matter of law. For the reasons below, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

The events at issue in this case occurred while Plaintiff was incarcerated at the Salt Lake County Jail between December 2019 and April 2020. Jail medical staff first learned of Plaintiff's infection when he tested positive during a previous incarceration in May of 2018. When jail

medical staff originally notified Plaintiff of the test result, he said he had been aware of his infection but had not yet sought treatment.

Plaintiff filed twenty-two health care requests between December 8, 2019 and March 25, 2020 complaining of a variety of conditions. Medical staff met with Plaintiff to evaluate and treat each of his requests. Plaintiff repeatedly requested eradication therapy to treat his hepatitis, but medical staff declined. However, medical staff conducted six blood tests over four months to monitor his liver function. Plaintiff's bilirubin count, an indicator for liver function, remained within the normal range, but two of the six tests showed slightly elevated levels of other liver enzymes. According to Defendants, the results showed no progression of Plaintiff's hepatitis C since 2018.

The unverified Amended Complaint alleges that Defendants refused to provide eradication therapy to eliminate his hepatitis C infection, causing him to suffer "weight loss, jaundice, nausea, vomiting, fatigue, [and] pain." ECF No. 5. Further, Plaintiff alleges that "[a]llowing the hepatitis C virus to remain within the body of the plaintiff gave the virus the time it needed to significantly damage the nervous system of the plaintiff." *Id*.

Plaintiff alleges that he underwent treatment for his hepatitis "shortly after" his release and is no longer infected. Further, Plaintiff alleges that in 2022, he was diagnosed with "poly neuropathy" which he attributes to the delayed treatment of his hepatitis, and which causes him to continue to suffer nausea and chronic fatigue. Plaintiff alleges that Defendants' refusal to treat his hepatitis was attributable to a policy or practice of refusing to treat hepatitis C because of excessive costs of treatment rather than his medical needs.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts "look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

The movant has the initial burden to show an absence of evidence to support an essential element of the non-movant's case. *Wolf .v Prudential Ins. Co. of Am.* 50 F.3d 793, 796 (10th Cir. 1995). If the movant satisfies this burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element. *Id*. The non-movant must then go beyond the pleadings and set forth specific facts from which a rational trier of fact could find for the non-movant. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). The non-movant must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"A verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in [Rule 56(c)(4)]." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (cleaned up) (citation omitted). But, the non-movant "cannot simply rest on the unverified allegations of its pleadings" to defeat summary judgment. *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 408 (10th Cir. 2002).

## ANALYSIS

Section 1983 is a vehicle for "an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Est. of Booker v. Gomez*,

3

745 F.3d 405, 411 (10th Cir. 2014) (citation omitted). The Eighth Amendment safeguards prisoners from deliberate indifference to serious illness or injury. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A claim for deliberate indifference includes both an objective component and a subjective component. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

"The objective component is met if the deprivation is 'sufficiently serious.'" *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "When the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, the prisoner must 'show that the delay resulted in substantial harm.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (citation omitted). That substantial harm can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that timely receipt of medical treatment would have minimized or prevented the harm. *See Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). The substantial harm can also be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics. *Id*. Although "not every twinge of pain suffered as a result of delay in medical care is actionable," when the pain experienced during the delay is substantial, the prisoner "sufficiently establishes the objective element of the deliberate indifference test." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).

The subjective component is met where the defendant is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw[s] the inference." *Self*, 439 F.3d at 1230 (citation omitted). "[A]n inadvertent failure to provide adequate medical care" does not arise to the level of deliberate indifference. *Estelle*, 429 U.S. at 105-06. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [Supreme Court precedent] be condemned as the

4

infliction of punishment." *Farmer*, 511 U.S. at 838. "Similarly, 'a complaint that a physician has been negligent in diagnosing or treating a medical condition' does not violate the Eighth Amendment." *Est. of Hurtado v. Smith*, 119 F.4th 1233, 1236 (10th Cir. 2024) (quoting *Estelle v. Gamble*, 429 U.S. at 106); *accord Self v. Crum*, 439 F.3d at 1233 ("Negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (citation omitted)). "Since the subjective component of deliberate indifference is based on the prison officials' state of mind, it is 'a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.'" *Kikumura*, 461 F.3d at 1294 (quoting *Farmer*, 511 U.S. at 842). The subjective component of deliberate indifference may be inferred where the serious medical need is obvious. *Self*, 439 F.3d at 1231.

In this case, Defendants argue that they are entitled to summary judgment because Plaintiff has "failed to establish a custom, policy or practice which is constitutionally deficient, and that no defendant was deliberately indifferent to a serious medical need." ECF No. 25 at 2. Defendants contend that Plaintiff has failed to identify sufficient admissible evidence to establish a genuine dispute of material fact as to either the objective or the subjective components of the deliberate indifference standard.

Defendants have met their initial burden to show "an absence of evidence to support an essential element of the non-movant's case." *See Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). They have produced evidence that medical staff declined Plaintiff's requests for eradication therapy because his symptoms did not require immediate treatment. Medical staff evaluated Plaintiff for each of his twenty-two sick requests between December 8, 2019 and March 25, 2020 and treated his complaints individually. Plaintiff's liver function was regularly monitored via laboratory testing. Plaintiff's lab results suggested that his liver functioned normally, and his

5

hepatitis had remained stable without treatment since 2018. Plaintiff's bilirubin count, an indicator for liver function, never deviated from the normal range. Two of the six tests showed slightly elevated levels of other liver enzymes, but medical staff testified that Plaintiff's symptoms and test results did not raise a basis to initiate treatment for hepatitis C. Dr. Wilcox, a physician who contracts with the jail to provide health services but did not personally participate in Plaintiff's care, reviewed Plaintiff's medical records and concluded "[o]verall, after review of the medical records and based upon my own personal knowledge, experience, and familiarity with the qualifications of my physicians and the quality of Salt Lake County nursing staff, it is my opinion that Plaintiff received adequate medical treatment, including care and services beyond what was clinically indicated by his presentations." ECF No. 27 at ¶ 15.

Defendants also cite multiple reasons treatment for hepatitis is only provided when medically indicated. Dr. Wilcox attests that "a significant percentage of infected individuals recover [from hepatitis C] without medical intervention." ECF No. 27, at ¶ 21. Nurse Ballard, the Division Commander of the Salt Lake County Jail Health Services Division, further averred that it was sometimes medically appropriate to delay treatment because "[w]hen an inmate arrives at the Salt Lake County Jail, Health Services does not know how long the inmate will be in detention and beginning a course of treatment[1] for hepatitis C only to have an inmate stop the treatment prior to completion upon release can potentially cause more damage than not beginning a course of treatment." ECF No. 26 at ¶ 23.

Furthermore, Defendants have produced evidence refuting the allegation of a policy or practice of a general denial of hepatitis C treatments. Defendants produced records indicating that other inmates at the jail were treated for hepatitis C during the relevant time period. ECF Nos. 18-

---

[1] Defendants do not specify the length of a course of treatment, but according to Plaintiff, treatment "consists of one pill per day for 90 days." ECF No. 35, at 3.

6

8), 26 at ¶ 9. Nurse Ballard averred that "Health Services readily provides treatment for [hepatitis C] when it is clinically indicated, which, for example, could be if an inmate has deteriorating liver function or advanced liver disease." ECF No. 26 at ¶ 22. Dr. Brening, a contract physician who treated Plaintiff at the jail, averred that he would have referred Plaintiff to a specialty clinic at the jail if his condition indicated the need for medical treatment. Defendants have satisfied their burden to show the absence of a genuine dispute that Defendants subjectively acted with deliberate indifference by denying Plaintiff's request for eradication therapy.

Plaintiff must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). The subjective component of the deliberate indifference standard requires Plaintiff to supply evidence that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that they actually drew that inference. *Self*, 439 F.3d at 1230 (citation omitted). Both the Amended Complaint and Plaintiff's Response to the Motion for Summary Judgement are unverified, so Plaintiff must identify admissible evidence outside the pleadings to survive summary judgment. *See Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 408 (10th Cir. 2002) (unpublished) (the non-movant "cannot simply rest on the unverified allegations of its pleadings" to defeat summary judgment.)

Plaintiff offers no admissible evidence to support the inference that Defendants concluded that eradication therapy was necessary while he was incarcerated. Defendants' Statement of Undisputed Material Facts describes the series of diagnostic measures medical staff undertook to monitor Plaintiff's liver function. ECF No. 30, at ¶¶7-16. In response, Plaintiff identifies a variety of symptoms he reported to medical staff, which he argues should have alerted medical staff that

7

his hepatitis was progressing. ECF No. 35, at 2-3 (listing weight loss, jaundice, nausea, digestive problems and skin problems.) However, Plaintiff offers no admissible evidence to support the conclusion that those symptoms should have alerted Defendants that his hepatitis was progressing. "Negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self*, 439 F.3d at 1233 (citation omitted). Further, the record indicates that Defendants addressed each of Plaintiff's symptoms. ECF No. 30-3. Defendants prescribed additional portions of food to address his weight loss, conducted blood tests to monitor his liver function, ordered a special diet and tested for food allergies to determine the cause of his nausea and digestive problems, and prescribed cream to treat his skin issues. *Id*.

Even if Defendants should have interpreted Plaintiff's other symptoms to be evidence that his hepatitis was progressing despite his blood tests indicating normal liver functions, Plaintiff offers no admissible evidence Defendants made that inference. *See Self*, 439 F.3d at 1230 (holding that the subjective component is met where the defendant is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw[s] the inference"). Plaintiff offers no evidence that Defendants subjectively drew the inference that immediate eradication therapy was required to avoid a substantial risk of serious harm. Nor does Plaintiff adduce admissible evidence to connect his 2022 diagnosis with "poly neuropathy" to the delay in receiving eradication therapy.

Plaintiff also fails to support his allegation that medical staff operated under a general policy to refuse hepatitis treatment regardless of medical necessity. Plaintiff cites Dr. Brening's notes for a February 26, 2020 medical visit. Dr. Brening's notes included the following passage:

> This gentleman is 40-years-old. He has a history of chronic hepatitis C. He has a couple of kites or a request to be seen today, one was to see Dr. Wilcox which I will not be able to help him with and the other was not for any medical reason, but to "exhaust the grievance

8

> process." He wants eradication therapy for hepatitis C. He has been told several times that this is not a therapy that is offered to patients while they are incarcerated for a number of reasons, however, he just wanted this to be documented that we talked about it today.
>
> He has no acute complaints. No other worrisome signs or symptoms.

ECF No. 20-3, at 35. Plaintiff argues that this note confirms that Dr. Brening told Plaintiff that the jail did not offer eradication therapy and corroborates his contention that the decision was based on economic rather than medical factors. Dr Brening attests that the passage merely records a statement Plaintiff made to Dr. Brening, not information provided by Dr. Brening to Plaintiff. ECF No. 33 at ¶ 9.

Viewing the evidence in the light most favorable to Plaintiff for the purpose of this motion, the court accepts as true that Dr. Brening told Plaintiff that there exist a number of reasons hepatitis treatment is not offered to inmates. But Plaintiff fails to support his contention that Defendants refused to provide eradication therapy to him because of a general policy to deny hepatitis treatment to all inmates regardless of symptoms. The record establishes that the jail provided other inmates with hepatitis treatment. ECF Nos. 18-8, 26 at ¶ 13, 28 at ¶ 9. Plaintiff fails to create a genuine dispute that jail staff operated under an unconstitutional policy to refuse hepatitis treatment.

## CONCLUSION AND ORDER

Defendants met their burden to identify the absence of evidence to support a genuine dispute of a material fact: that Defendants subjectively acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff fails to offer admissible evidence that his condition required immediate treatment while he was incarcerated. Plaintiff's unverified pleadings fail to establish a genuine dispute that Defendants subjectively drew the inference that eradication therapy was required to avoid a substantial risk of serious harm. Plaintiff's contention that jail staff

operated under an unconstitutional policy to deny hepatitis treatment also fails. Accordingly, Defendants' Motion for Summary Judgment is GRANTED.

DATED September 24, 2025.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court